UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| CLAUDIE TYLER, CDCR #K19763, | Case No.: 24-cv-2343-BEN (SBC) |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT** |
| L.T. HERNANDEZ, et al., | |
| Defendants. | |

Claudie Tyler ("Plaintiff" or "Tyler"), currently incarcerated at the Richard J. Donovan State Prison ("RJD") located in San Diego, California, and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402. See 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether her action is

ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).[1]

A review of his IFP request does not indicate any current expenses, and the prison certificate from his correctional facility indicates that he can pay the filing fee. A review of the proposed Complaint indicates that it is fanciful and incomprehensible suggesting that prison personnel failed to credit $5,800,000 to his prison account. The Complaint will likely be dismissed upon review under 28 U.S.C. § 1915(e)(1)(B) if the motion to proceed IFP is granted. Therefore, the IFP motion is denied and the case is dismissed without prejudice.

Therefore, the Court:

1) **DENIES** Plaintiff's Motion to Proceed IFP; and

2) **DISMISSES** this action without prejudice for failure to pay the full $402 civil filing fee required by 28 U.S.C. § 1914(a)

**IT IS SO ORDERED**.
DATED: April 4, 2025

_____
Hon. Roger T. Benitez
United States District Judge

---

[1] Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84.